UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE J. MIMS,

    Plaintiff,

v.	CASE NO. 3:04-cv-307-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.

### O R D E R

This cause is before the Court on Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #28; Motion), filed on December 11, 2006. On December 13, 2006, the Court entered an Order (Doc. #30; Order) directing Plaintiff's attorney to explain the variances between the Schedule of Hours for J. Nickolas Alexander, Jr., attached to the Memorandum in Support of Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #29), filed on December 11, 2006, and the Affidavit and Schedule of Hours and Costs Incurred of J. Nickolas Alexander, Jr. (Doc. #24), presented with the Motion for Attorney's Fees and Costs (Doc. #22; EAJA Motion), both filed on March 17, 2005, or "provide an amended log that comports with the earlier

itemization[.]"[1]  Order at 2.  On January 12, 2007, Mr. Alexander submitted Plaintiff's Counsel's Response to Order Entered on December 13, 2006 (Doc. #33), the Amended Memorandum in Support of Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #34; Amended Memorandum), and the Amended Declaration and Schedule of Hours of J. Nickolas Alexander, Jr. (Doc. #35; Amended Schedule).

It was originally represented "that the Commissioner does not object to the granting of this motion."  Motion at 2.  However, on December 15, 2006, Defendant filed a Notice to the Court (Doc. #31; Notice), wherein it was stated "[t]he Commissioner only became aware of this motion upon its filing; not before."  Notice at 1. Defendant indicated a desire to review the Motion "once Plaintiff's counsel has reconciled the variances . . . noted by th[e] Court in its . . . Order."  *Id.*  In the time since Mr. Alexander replied to the Order on January 12, 2007, the Commissioner has not responded to the Motion, and the time for doing so has passed.  *See* Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida.  Thus, the Court treats the Motion as unopposed.

The Motion requests the Court to award $6,366.00 in fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b).  Motion at 1. The $2,194.06 in fees previously granted under the Equal Access to

---

[1] This previous motion sought fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  EAJA Motion at 1-2.  The EAJA Motion was granted on March 22, 2005.  *See* Order (Doc. #26).

Justice Act (EAJA), *see* Order (Doc. #26) at 2, would then be refunded to Ms. Mims. *See* Amended Memorandum at 2, 7; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186)(second alteration in original)); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).  A contingency fee agreement signed by Plaintiff in 2004 states:

> If this claim is denied and is eventually resolved by means of appeal to the Federal Court level and or is remanded by the Court for another Hearing before an Administrative Law Judge and is then or subsequently resolved, the parties agree and understand that the attorney shall have the option and ability to file a fee petition seeking a fee greater than . . . $5,300.00, but in no event more than 25 percent of the past-due benefits.

Social Security Fee Agreement, attached to the Not[i]ce of Filing of Contingency Fee Agreement (Doc. #38), filed on April 12, 2007.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded.  Thus, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  The attorney "must show that the fee sought is reasonable for

the services rendered." *Id.*  Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).  However, other factors that relate to reasonableness include whether there was excessive delay by the attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and "the risk that the claimant would not prevail." *Id.; see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee is reasonable.  Here, Plaintiff and her counsel agreed to attorney's fees not to exceed 25% of past-due benefits.  The total amount actually sought by Mr. Alexander equals 25% of the past-due benefits awarded.[2]  Counsel spent a total of 17.4 compensable hours representing Plaintiff.[3]  *See* Amended Schedule at 4.  In light of the time expended on the case, the requested fee is not so large as to result in a windfall for Plaintiff's attorney.  *See Coppett*, 242

---

[2] The Social Security Administration withheld 25% of Plaintiff's past-due benefits, in this case, $6,366.00.  Notice of Award, attached to the Motion, at [externally numbered] 8; *see* Motion at 2.  The total past-due benefits awarded Plaintiff were $25,464.00.  Notice of Award, attached to the Motion, at [externally numbered] 7.

[3] Although the Amended Schedule indicates 19.9 hours were spent in representing Plaintiff before the Court, 2.5 of those hours are specifically related to the preparation of the Motion.  Fees incurred in the preparation of § 406(b) petitions, though, are not compensable. *See Knagge v. Sullivan*, 735 F. Supp. 411, 415 (M.D. Fla. 1990); *Hubbard v. Barnhart*, No. 99-M-696-N, 2002 WL 596385, at *3 (M.D. Ala. Apr. 16, 2002).  Therefore, Mr. Alexander will be considered to have spent 17.4 hours in his representation of Ms. Mims.

F. Supp. 2d at 1384-85 (finding reasonable a § 406(b) fee that amounted to payment of $350.49 per hour for attorney's representation of plaintiff before the court).  Further, a review of the record makes clear that the representation was not substandard, and recovery was not guaranteed.  Thus, the Court finds the fee sought is reasonable.

Hence, the Motion (Doc. #28) is **GRANTED** and counsel for Plaintiff may receive $6,366.00 in attorney's fees.  The $2,194.06 awarded under EAJA, *see* Order (Doc. #26), is to be refunded to Plaintiff.  The Clerk of the Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of May, 2007.

/s/           Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    pro se parties, if any